**Cynthia DORSEY, Plaintiff,**

v.

**Dwain GIVENS, Brendan Ward, and Sheriff of Will County, Defendants.**

**No. 99 C 7933.**

United States District Court, N.D. Illinois, Eastern Division.

Sept. 19, 2001.

---

Blake Wolfe Horwitz, Law Office of Blake Horwitz, Chicago, IL, for Plaintiff.

Dwain Givens, Joliet, IL, Pro se.

Gerald Haberkorn, Robert Hill Smeltzer, Michael J. Sturino, Lowis & Gellen, Chicago, IL, for Defendants.

### MEMORANDUM AND ORDER

MORAN, Senior District Judge.

Plaintiff moves for reconsideration of the granting of defendant Sheriff Ward's motion for summary judgment. That motion is denied.

We are not at all unsympathetic to the notion that a governmental entity should have *respondeat superior* liability for the sexual misconduct of an employee while exercising power and control over another (although indemnification of that employee for his or her transgressions is another matter). We are mindful that such liability is recognized in some states. Indeed, the Court of Appeals has assumed that to be so in Indiana *in dicta*, *West by and through Norris v. Waymire*, 114 F.3d 646 (7th Cir.1997), although it would not speculate that would be the outcome under Illinois law, *Wilson v. City of Chicago*, 120 F.3d 681, 684 (7th Cir.1997). We are

mindful, as well, that the Illinois Supreme Court did not appear to differentiate between indemnification scope of employment and *respondeat superior* scope of employment in *Wright v. City of Danville*, 174 Ill.2d 391, 221 Ill.Dec. 203, 675 N.E.2d 110 (1996).

Nevertheless, we are bound by our understanding of Illinois law, whether we agree with it or not. And we do not perceive in Illinois law the distinction between police and non-police conduct or between degrees of sexual gratification that plaintiff urges upon us. We adhere to our previously expressed views.